# Seligman & Co., to Use of Shugars, Appellant, *v.* Kearns, et al.

*Judgments — Payment—Volunteer—Substitution—Attachments —Evidence—Admission against interest—Competency.*

Where a plaintiff seeks to maintain his right to attachments against property of a defendant by establishing that he paid two judgments as a joint defendant, and therefore is entitled to be substituted as plaintiff and to issue attachments thereon against the other defendant, it is competent to introduce, in evidence, an affidavit of defense which he filed wherein he averred that the corporation of which he was president paid the judgment as surety.

The jury having determined that the judgments were paid by the corporation, a mere volunteer, the judgments were extinguished thereby, and the plaintiff was in no position to sustain his attachments.

Argued April 19, 1923. Appeals, Nos. 44 and 45, Oct. T., 1923, by William B. Shugars, from judgments of C. P. Schuylkill Co., May T., 1921, Nos. 26 and 28, on verdict for defendant, in the cases of S. G. Seligman & Co., to the use of William B. Shugars, v. Cora J. Kearns, Administratrix of William H. Kearns and William B. Shugars. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Attachment execution. Before BERGER, J.

The opinion of the Superior Court states the case.

Verdict for defendant upon which judgment was subsequently entered. William B. Shugars, the use-plaintiff, appealed.

*Errors assigned* were in admitting the affidavit of defense and in not instructing the jury to find for the plaintiff.

*Arthur L. Shay,* and with him *John O. Ulrich,* for appellant.

414 SELIGMAN & CO., Appellant, *v.* KEARNS et al.

*John F. Whalen,* and with him *George Ellis* and *R. J. Graeff,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

Two actions between the same parties were tried together. The same questions were involved in each and the evidence introduced related to both. The plaintiff in the attachments proceeded on the theory that Shugars was surety for Kearns and that being bound by a joint judgment he paid the indebtedness to the plaintiffs and thereby became entitled to the use of the judgment by what was considered by the plaintiff's counsel at the trial the operation of subrogation. The right asserted was more properly substitution however. If the fact were established that Shugars was surety merely for Kearns, payment of the debt by the former to the plaintiff would entitle the surety to the use of the judgment without subrogation or assignment. The appellant's argument proceeds on the assumption that the relation of surety was established in the case. If that were so, the authorities cited would be relevant and convincing, but that was one of the points at issue. The lease out of which the suits before the magistrate arose was not offered in evidence. It did not appear therefore by competent proof how Shugars was bound. True it is that the transcripts of the judgments before the magistrate show the plaintiff claimed to recover on the lease given by Kearns on which Shugars was surety, but that recital did not establish the fact, and the record shows that the judgment was given against the defendants jointly as if equally bound by a common obligation. Then there was evidence on the part of the defendant that the Liberty Brewing Co. was surety on the lease and that the judgments before the magistrate were paid by that company. This appeared in the affidavit of defense filed by Shugars as president of the brewing company in the action brought by Kearns against that company, in which action he recovered a judgment for about $2,200. Shugars, when

called as a witness, explained the circumstances of the filing of the affidavit of defense and said that at the time it was sworn to, he had the impression the brewing company had paid the judgments entered by the magistrate, but that he afterward learned they were paid by him. As he was president of the brewing company and as one of the judgments was paid by the manager of that company, there was an appearance of probability in the statement in his affidavit of defense that the brewing company was the responsible party. The trial judge submitted to the jury the question whether Shugars paid the judgments entered by the magistrate, with the instruction that if they so found their verdict should be for the plaintiff, but that if they found the judgments were paid by the brewing company then the verdict should be for the defendant. Taking the case as it was tried in the court below, the court was not in error in admitting the affidavit of defense made by Shugars. It is clear that if the brewing company paid the amount of the judgments to the magistrate, Shugars has no standing now to enforce them. The brewing company in making such payment would be a volunteer and such payment would extinguish the judgments unless made by that company as surety, and whether as a volunteer or a surety, Shugars had no standing after such payment to enforce the judgments against Kearns. The question of subrogation is not involved. The right of Shugars in these actions depends on his ability to establish the fact that he was surety for Kearns and paid the judgments. If he was not such surety, or if a volunteer appeared and paid the judgments, he has no standing to maintain his attachments. He does not claim to be exercising any right by reason of the fact that the judgments were paid by the brewing company, and the jury having found that that company made the payments there is no place on which the appellant can stand to sustain his attachments.

The judgments are affirmed.